to the 11th Circuit. This is our final day of court this week. We're pleased to have everyone here. Before we get started, just as an administrative matter, I know most of you know the rules here, but for those who are not familiar, we operate on a traffic light system. If you have a green light, keep speaking. If you have a yellow light, that's your two-minute warning. And when you get the red light, it doesn't mean, oh, it's time to shift to my final issue. It's wrap up the issue I'm talking about. We, of course, may have questions that take you past the red light, in which case that's fine. In any event, let's go ahead and get started. We're going to be hearing four cases today. The first case is Antonio U. Akel v. United States of America, 23-11057. Mr. Akel. And I see that you have five minutes for rebuttal. Yes, Your Honor. Thank you. Good morning. May it please the Court. The judgment at issue here, which was entered as a result of a successful 2255 motion, is a new judgment for purposes of ADPA. And therefore, the District Court erred in dismissing Mr. Akel's new 2255 motion as second or successive. This issue is governed by this Court's decision in insignaris, which held that when a habeas petition is the first to challenge a new judgment, it is not second or successive, regardless of whether its claims challenge the sentence or the underlying conviction. Here, Mr. Akel's 2255 motion correctly argued that his sentence on count seven was illegal. And on remand from this Court in the Supreme Court, the District Court agreed that the sentence on count seven was illegal and that his sentence on count two illegally exceeded the statutory maximum. As a result of the successful 2255 motion, the District Court entered a new judgment that reflected the jury's verdict, imposed a sentence on each count of conviction, including new sentences on two of the three counts, and entered a judgment of acquittal on the remaining counts. This is a new judgment for ADPA purposes because it is the judgment that now authorizes Mr. Akel's confinement. As the Supreme Court held in Magwood, where there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not second or successive. Insignaris and Magwood are on point, and the cases cited by the District Court and the government to argue that the judgment is not a new judgment clearly are not. This was not a sentence reduction that does not affect the validity of the original judgment. How much should we rely on the fact that we described, this Court described, Akel's appeal of the amended judgment as a direct appeal, not a habeas appeal? Yes, Your Honor. I think this Court has decided twice already that this is a new judgment, both in the direct appeal and in Mr. Akel's successive application in this process. When the magistrate judge ordered him to seek a successive app from this Court, this said, we can't, this Court said, we cannot grant you a successive app because this is not successive. This is your first 2255 challenge to this new judgment. So really, I believe this Court has already decided the issue in the successive app, and that was correct. So he was resentenced on count two and count seven, but not on count one. How do you distinguish what we said in Telsey that our case law makes clear at least one dispositive consideration in determining whether a new sentence constitutes a new judgment is whether the new sentence was issued following a plenary resentencing or was instead issued as a mere sentence reduction? Telsey certainly is distinguishable because it did not involve a discretionary sentence reduction, but why isn't it dispositive that there was not plenary resentencing? Your Honor, what is dispositive is the fact that there is a new judgment entered, and I think Insignaris talks about that because in Insignaris there was not a full resentencing, and this Court has consistently held that where there is a new judgment, regardless of how the resentencing occurred, and I will note that even though the District Court did not hold a hearing and hear arguments at a hearing on the resentencing, the Court did note that it reviewed the PSR and that it reviewed its previous statement of reasons and still agreed with those reasons. So the Court reviewed the 3553A factors before deciding that the overall sentence should remain the same, but the sentence on count two and count seven did change. It's just the overall sentence did not, and that's the same thing that occurred in, for example, Insignaris where the Court just changed the time to serve in a split sentence without changing the overall sentence, and this Court said that's still a new judgment. What matters is the judgment that is confining Mr. Akel right now, and that is this new judgment. The previous judgment is not in effect because it was illegal. It contained two illegal sentences, so that is not the judgment confining Mr. Akel, and that's what this Court's case law and the Supreme Court's case law says is what matters. Our President, Enrique Baptiste, met an inglorious fate recently at the hands of the Supreme Court, but it did note that principles of race judicato or maybe abuse of the writ could still have an impact on those proceedings going forward. Do you think there's any reason that race judicato couldn't play a role later here? I'm sorry, Your Honor, can you clarify how? So for a petition where the claims have already been decided, right, is there any reason that, let's say, that we think this is a new judgment and so the petition is not second or successive? Be that as it may, I think at least some of these claims, I believe, were already presented and rejected. Is there any reason that once the petition gets in front of a court that race judicato wouldn't operate? Your Honor, I believe it's for the District Court to decide in the first instance whether a procedural bar applies. Here the District Court dismissed it as second or successive, so I believe that's all this Court needs to determine is whether that was correct, and it is up to the District Court because there's been no argument on the procedural bar. Oh sure, I'm not saying that we would make that decision at all. I'm just exploring whether as a matter of law you think there's any reason that the District Court in this case or others couldn't consider race judicato and similar principles. I believe they can in the District Court in the first instance. I don't believe the Court would be barred from considering that. I have a question with regard to whether this is a final order or not, and I'm going to point out in the new judgment you not only have a new reduced sentence, you actually have a new conviction, and I'm saying this so that the other side can respond to it. If you look at the 2008 judgment, the reference on count two is to the statute that deals with the subsection of the 841 statute that's cocaine and marijuana, but if you go and look at the 2017 judgment, the only reference is to B1D, which is the marijuana, and the cocaine is dropped. So if you go back to these source documents and really compare the two judgments, you not only have a new sentence, that's why I think that this case is easy, you have a new conviction. The conviction's been changed, and that's why the sentence got changed down to just five years, because it's a different conviction. That's neither here nor there, but I'm just saying that's why it's easy, at least for me, that this is a new judgment. But here's my concern, it's a new judgment, so take it for granted, at least from my view, it's a new judgment. But what I'm concerned about is he filed a dismissal. Okay, so help me with, because I know you've done this area a lot, for many years, and so help me with this, that the ruling was you had to bifurcate the claims, you got to go back and file a new complaint. Okay, we've already said that's not a final order. We've already rejected an original appeal saying it's not a final order. So he comes in and dismisses then, because he didn't like that order, and I understand why he doesn't, because it has error in it. It is a new judgment, but he dismisses this case. Okay, and you say, well, ignore the dismissal because it's invited error. Actually, I agree with that. I can ignore the dismissal, but then I'm left with this interlocutory order. So my question is, why didn't he have to go on and file it, have the district court rule, and then appeal that you improperly argued? Do you understand where I'm getting? Yes. How do we have a final, given his, the case went away as dismissal. The government wants to say, invited error, so you can't do anything. Even if it is a new judgment, doesn't matter, he dismissed this case, over. We say, no, that was invited error because of the erroneous district court ruling. But how do I have a final judgment here? A final judgment as far as the... A final order rather than an interlocutory order. What we're going to be reviewing is not his dismissal. What we're going to be reviewing is that the district court erred in saying this was not a new judgment. Right. And that's not, that was an interlocutory order. Right. So I think, you know, the notice of appeal is bringing up all of the previous orders. So I think that's included. But I would note that when the district court actually... I agree with that, but it's not a final order. So where's my final order if I've got to ignore the dismissal as invited error? I don't believe you have to technically ignore the dismissal because on the invited error note, the district court's order, while it is in response to Mr. Akel's motion to dismiss, specifically says that the motion is granted only to the extent described herein and then says it is dismissed on grounds that it is successive and therefore erroneously filed in this court. So I think you can say that invited error does not apply to say that Mr. Akel invited the district court to erroneously... So there's enough in that order to say that he's ruling again, it's excessive. Yes. Yes, Your Honor. And I believe that's what Mr. Akel's motion is teeing up for the court because he is saying that I want you to dismiss... Okay, that answers my question. I need to go read the terms of the order again. Okay. Thank you. Thank you, Your Honor. And I believe I'm out of time. So thank you. Thank you. But you do have time for rebuttal, so. Okay. Ms. Acosta. Winifred Acosta on behalf of the appellee, the United States. May it please the court. Your Honor, the government argues that first and foremost, we have to look at the statutory language 2255 and 2254. And when the court looks at the statutory language, it is evident that there's some meaningful differences. Looking at 2255, there's a focus on sentence. 2255A talks about the federal inmate in custody under sentence. And then when you look at 2254, its focus is more so on the judgment. This was discussed extensively in the Rudolph case. The Rudolph case started discussing 2255A where they mentioned there are four ways in which a federal prisoner may be able to seek remedies under 2255. The first one is a sentence which is in violation of the U.S. Constitution or the law. Secondly, the sentence was imposed by a court that liked jurisdiction. And then thirdly, a sentence which exceeded the maximum permitted by law. And then, so if you look at those three clauses, they specifically address sentence. Now, the fourth one doesn't per se mention sentence. However, it's a catch-all, otherwise subject to collateral attack. Then looking further at 2255B, yes, there is mention of judgment. And it says the court shall vacate or set aside the judgment. But what it does in 2255B, the legislature provided four mechanisms in order to address or rectify defects with the sentence. But you're kind of, I mean, you just mentioned it, you quoted it, but you're kind of breezing past the fact that 2255 says the court shall vacate and set the judgment aside. Yes, Your Honor, that is clear. Judgment is there. However, this is saying, how does this not mean that this is a new judgment? Well, Your Honor, it is our position that, again, these four mechanisms are mentioned. And the legislature is very clear that there's a deliberate variation between two very important terms. Those terms are resentence and correct. And it can be interpreted that the legislature intended these to be two very different terms. And we all know that with the resentence, yes, there would be a new judgment. However, with correct, the statute says correct the sentence as the court, as may appear appropriate. It sounds like you're making a bigger argument, though. I want to make sure I understand your argument. Is your argument that the only thing that can be attacked is directly the sentence? Because, yes, Your Honor, I do think that that would be maybe an overreading of Rudolph, which I have some familiarity with, which I think noted that, you know, you can, you can attack your sentence through attacking a problem with the conviction itself. Right. And so I want to make sure I'm understanding where you're drawing those lines. So our argument is premised on Rudolph, which said that 2255 is a vehicle for attacking the sentence. And in this case, we would argue that Mr. Akel already had the opportunity to attack his sentence. He did that. He did that successfully. And now he wants to come back and do it again. But we're saying that 2255 does not allow him to because in this instance, the district court merely, the district court was limited by the remand. It was a limited remand. And that was also reiterated in this court's affirmance of the amended judgment. The, this court said that this was a limited remand and that the district courts, pretty much restricted based on that, the limitations of that remand, readdressing those counts in light of Mathis. And so when Mr. Akel requested the district court to revisit the sentencing package and revisit the entire sentence, the district court refused to do so, which the district court wasn't allowed to revisit the full sentencing package. The district court, again, was limited based on the remand. So what we're saying is that Mr. Akel already had the opportunity to attack his sentence. He did that and he doesn't get an opportunity to do it again because this was simply a correction. This was not a full resentencing. There was no plenary resentencing hearing. And even in the judgment itself, the district court referred back to the original sentencing, the original sentencing. The new judgment changes the conviction. Did you notice that? Yes, with respect to... And it changes, on its face, changes the conviction. The first conviction is under, for cocaine, and it's got, I mean, I can read it to you, it's got subsection blah, blah, blah, blah, blah, so and so. And whereas the new one is only under the marijuana 841B. So it changes the conviction in the judgment. I mean, what he's appealing is the judgment. Do you agree with that? That's what you appeal from, the judgment. The sentence is the judgment, correct? The sentence is, the judgment is comprised of the sentence and the conviction. Right, and I'm saying the second, the new judgment changed the conviction. It didn't just reduce the sentence, it changed the conviction. Have you, on its face it doesn't. I don't, I don't, nobody really talks about that, but if you go look at it, I go look at the judgment, see whether this is new. Yes, Your Honor, we understand where you're coming from with regards to... Not where I'm coming from is what's on the face of the judgment. Yes, Your Honor, with respect to... So why is that not a new judgment since it changed the conviction? If the court, if the court finds that the conviction itself, there was a change with the conviction, then yes, there's a stronger argument that it was a new judgment. How could it not be new if you have a different conviction? Well, count one didn't change. We all agree to that one. That one was undisturbed, and we know that, we know that the sentence was changed on the count seven and the count two, but nothing was changed with regards to count one, and count one is the one that he's attacking, that he's already attacked. But didn't, didn't we say in Insignaras that we reject a claim-based approach to determining whether something is a second or successive? That is correct. Yes, Your Honor, that is correct. Yes, but we... Aren't you, aren't you arguing for saying, okay, count one, the sentence wasn't changed, so that, that seems to be what's driving your argument and distinguishing the sentence change for counts two and seven? Yes, Your Honor. How does that not fly in the face of Insignaras? We would distinguish Insignaras, Insignaras, again, with the 2254, and our first argument is that 2255 and 2254 are very much different, and, and starting with that premise, if they're different, then they're treated differently, and again, we go back to the language in 2255B. We recognize that 2255B does indicate that the court shall vacate and set the judgment aside. However, we're focusing on those four mechanisms, which the court had discretion to choose which mechanism, and here the court chose to correct the sentence as it deemed appropriate, and based on that direction, our argument, Your Honor, is that the judgment was not new, but if this court, if this court rules that it was a new judgment, then our second argument is that invited error applies, and in this instance, Mr. Akel had the opportunity to file an amended 2255 as he was directed to do by the magistrate. The magistrate gave him 30 days. He did not do that. Instead, what he did is he filed the motion to dismiss the 2255. Wasn't, wasn't he almost forced into that position in order to get a ruling that he could appeal, but so for purposes of argument, we agree that this is a new judgment. What, I mean, at a basic level, what else was he supposed to do? Your Honor, what he could have done is he could have proceeded with filing his amended with the remaining four claims, and those claims could have been adjudicated. He could have still maintained his objection to the dismissal of the, or to, to his, he could have maintained his objection to the jurisdiction on the remain, on the other eight, and then at that point. At that point, does he have two, two separate petitions, and what, what do we do with that on appeal? It just would have been the one petition if he would have amended, then the amended would have taken the place of the original. Again, he could have still maintained the objection to the, the jurisdictional, the jurisdictional question, but still at that time, proceeded on the remaining four claims to give the court the opportunity. I don't at all know the answer, and I'm not, I'm not suggesting that I do, because I, I have not looked at it, and habeas law, as you know, is more technical than most parts of the U.S. Code, but I, if I were him, I would worry that the answer of the Court of Appeals would be, we can't, we can't give you back claims that you didn't, that you didn't include in your petition. Even though you raised those before, and you objected to the fact that they weren't in there, we can't add those back in if you didn't raise them. And Your Honor, I, I don't know the answer to that. Our position is that he had the opportunity to proceed on those four, and he failed to do so. But he was kind of, to Judge Grant's point, he didn't want to dismiss, and he was, I mean, there was a lot of back and forth between the court where he was resisting it, and the court was telling him that he had to, in some form or fashion, get rid of those claims. So it's, it's, it's a tough road to walk here and say invited error when really this was kind of forced upon him because he had another avenue. He may not have liked that avenue, but that avenue was available to him. The problem I worry about is that we may not have liked that avenue. And again, I'm not, I'm not making any suggestion that that's necessarily the answer, but I could just, habeas petitioners have lost on many very technical decisions. And so I, I suspect that the problem that he was facing was somewhat sophisticated of him even to identify that, but it's not a question, so I guess that's fair. You don't have to have a response. Thank you, Your Honor. Well, Your Honor, we've made the argument that it's our position that it was not a new judgment based on the differences between the statute. We would also argue that even in the amended judgment that the district court referred back to the original, the original sentencing date. So we would say the, having the effect of new protonc, although that's more so in the state, we recognize that. And then we would argue again that there was no plenary resentencing and that the count one was undisturbed, was not impacted. And lastly, we would argue that in, in my recent examination of the docket in preparation for today, it does not appear that the amended judgment was ever executed. So argument that the judgment for which he is under current confinement would remain the original judgment if the amended judgment was not executed. I did not see where it was. I mean, if that's true, then he would still be confined under an unconstitutional sentence, right? On, I believe the time may have already expired on the count too. I'm not sure. No, I don't mean he would have been, I don't mean that he would have already exceeded the time period, but he, if this new judgment for whatever reason, isn't what's confining him, then what is confining him would be a judgment that the courts have determined was unconstitutional and it's imposition of the sentence. And I don't, I don't suspect that that's what the United States wants to say is keeping him in prison. No, Your Honor. Thank you, Your Honor. Thank you. Ms. Strickland. Thank you, Your Honor. I would just say that we would agree with what Judge Grant said about invited error. You know, Mr. Kelce said even in his motion that he was forced into it, and then that kind of dovetails with Judge Hall's concern because in his motion he is saying you have already said you don't have jurisdiction, you have to dismiss it. He's not saying please dismiss it because I want it dismissed. And then the district court, if you look at the order, says that this is before the court on the motion to dismiss, but says the motion is granted only to the extent described herein and says as detailed in the magistrate's order, which identified at least some of the claims as successive and in keeping with Magwood, the court hereby dismisses the motion to vacate, the entire motion to vacate, on grounds that it is successive and therefore erroneously filed. So I think this court can look at that as the final order, dismissing it as second and successive, and that is incorrect, and this court can vacate that order and send it back to the district court for further proceedings. If the court has no further questions. Are you aware whether the amended judgment was ever executed, sort of the final point of opposing counsel? I am not aware of that, but if it is not, it's a... It's not executed. I just looked at it. The first one is executed by S. It's typed in S slash Lacey Collier. The first one is, I mean, it's executed. It's typed in. It's not signed by the judge. And the next one, the 2017 one, I mean, he just needs to, first of all, he's not even the first one. It's done for him. But at least what I pulled from the docket, but I didn't notice that it wasn't signed. Your Honor, I think... I don't know whether there's another one or not. The one I have isn't signed either. Your Honor, I think, I mean, if he's still confined pursuant to the old judgment, that is a different problem. This is... But that would be just an administrative error that you could tell him to correct. Right, Your Honor. I believe that's correct. I don't think it changes the court's analysis here. There are no further questions. I'll yield my time. Thank you. Thank you very much. Thank you both. We have your case under advisement. Thank you. Thank you. Thank you.